IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETER RODRIGUEZ, | ) | No. CV-F-07-1220 OWW |
| | ) | (No. CR-F-05-184 OWW) |
| | ) | |
| | ) | MEMORANDUM DECISION AND |
| Petitioner, | ) | ORDER DENYING PETITIONER'S |
| | ) | MOTION TO VACATE, SET ASIDE |
| vs. | ) | OR CORRECT SENTENCE PURSUANT |
| | ) | TO 28 U.S.C. § 2255 AND |
| | ) | DIRECTING CLERK OF COURT TO |
| UNITED STATES OF AMERICA, | ) | ENTER JUDGMENT FOR |
| | ) | RESPONDENT AND CLOSE THE |
| | ) | CASE |
| Respondent. | ) | |
| | ) | |
| _____ | ) | |

On August 21, 2007, Petitioner Peter Rodriguez, proceeding *in pro per*, timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On September 19, 2006 Petitioner, represented by Roger Litman, pleaded guilty pursuant to a written Plea Agreement to conspiracy to distribute and possess with the intent to distribute cocaine base/crack. Pursuant to Paragraph 3 the Plea Agreement, Petitioner agreed:

1

> (c) ... Defendant Rodriguez hereby waives all rights to contest the means by which his plea of guilty will be entered before the District Court. This waiver includes, but is not limited to, any claim, whether in District Court or in appellate proceedings and on direct appeal or subsequently, that the dictates of Federal Rule of Criminal Procedure 11, or any successor Rules, legislation or case authority, were not followed in the entry of defendant Rodriguez' guilty plea. Defendant Rodriguez also hereby waives any right to appeal his sentence, directly or subsequently, provided that the sentencing court accepts the stipulations between the parties and follows the recommendations of the government as set forth below.
>
> (d) The defendant acknowledges that as a consequence of his guilty plea in this case he will become ineligible for (1) assistance under any State program funded under part A of title IV of the Social Security Act [42 U.S.C. § 601 et seq.], (2) ineligible for benefits under the food stamp program (as defined in section 3h of the Food Stamp Act) [7 U.S.C. § 2012(h)] and (3) ineligible for any State program carried out under the Food Stamp Act of 1977 [7 U.S.C. § 2011 et seq.]; all pursuant to 21 U.S.C. 862a. The defendant further acknowledges that as a consequence of his guilty plea in this case he may become permanently ineligible for any or all federal benefits.

Petitioner was sentenced on December 11, 2006 to 38 months incarceration and 60 months supervised release. Petitioner did not file a Notice of Appeal.[1]

Petitioner's Section 2255 motion asserts as grounds for

---

[1] On February 28, 2008, Petitioner filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) - crack cocaine. Counsel was appointed to represent Petitioner. By stipulation and order filed on April 18, 2008, Petitioner's sentence was reduced from 39 months to 35 months and an amended judgment reflecting Petitioner's reduced sentence was filed on April 21, 2008.

relief:

    (1) <u>Ground One</u>: Failure to Supress [sic] Evidence

    My attorney stated that if I attempted to supress [sic] the evidence in this case, I would not have been awarded the 50% off the imposed sentence.

    (2) <u>Ground Two</u>: Ineffective Assistance of Counsel.

    Refer to Court [sic] one (1), and the Medical File in which my SSI benefits were terminated as a result of this case.

    (3) <u>Ground Three</u>: Took advantage of my compressive [sic] skills, which resulted in my inability to understand the charges against me.

    Counsel held me in Madera County Jail for unknown reason to secure a conviction in this case, as this is my belief.

    (4) <u>Ground Four</u>: Warrantless Search & Seizure.

    The fact of this matter results in Rookie Agents acting in such a way that it almost took my life, along with the above Warrantless Search & Seizure.

To establish an ineffective assistance of counsel claim, Petitioner must show: (1) the representation was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The Court need not evaluate both prongs of the *Strickland* test if the petitioner fails to establish one or the other. *Strickland*, *id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1152 (9th Cir.1998), *cert. denied*, 526 U.S. 1055 (1999).

Under the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Id.* at 690.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of counsel's performance at the time."  *Id.* at 689.  The proper inquiry is whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*   The court must apply "a heavy measure of deference to counsel's judgments," and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."  *Id.* at 690-691.  "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable."  *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988).  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."  *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989).  A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not

4

ineffectiveness.  *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

To meet the prejudice requirement, the petitioner must demonstrate that errors "actually had an adverse effect on the defense." *Strickland*, 466 U.S. at 693.  "It is [also] not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  *Id.*  "Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding."  *Id.* "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.* at 694.  Where a petitioner enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends upon whether the petitioner received effective assistance of counsel.  In order to prevail on an ineffective assistance of counsel claim, "the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

Petitioner's claims in Grounds One, Two and Four that counsel was ineffective because of his failure to move to suppress evidence is unsupported by any facts.  The affidavit to the criminal complaint filed against Petitioner, *see* No. CV-MJ-

5

**05-0110, avers:**

> Between approximately 9:15 and 9:45 on May 21, a call between Moultrie and Pete Rodriguez was intercepted. They discussed moving a quantity of 'work' and your affiant knows that to be a slang term for illicit drugs. Initially, Moultrie suggested that Rodriguez use a cab and ten [sic] Moultrie said he would drive Rodriguez. Sometime after 10:00 p.m. on May 21, 2005, Moultrie was followed from his residence to Pete Rodriguez' residence. Moultrie then drove Rodriguez back to Moultrie's W. Michigan residence. Moultrie went into the residence while Rodriguez remained outside. He to driver's side. After a minute Moultrie returned to the vehicle and may have placed something inside it. Rodriguez drove the vehicle back to his residence. Officers then attempted to contact him; Rodriguez attempted to flee in the vehicle but was apprehended. A search of the vehicle revealed approximately one pound of crack cocaine.

Petitioner has not demonstrated that Mr. Litman's refusal to file a motion to suppress the search of the vehicle was constitutionally ineffective. The vehicle was under active surveillance as part of an ongoing narcotics investigation, which included the interception of telephone conversations establishing probable cause to believe that Moultrie, Petitioner and others were involved in a conspiracy to distribute crack cocaine and cocaine. Under the circumstances described in the affidavit to the criminal complaint, no search warrant was required in order to search the vehicle in which Petitioner was located, especially after he attempted to leave the scene. Mr. Litman's advice to Petitioner to forego what undoubtedly would have been a meritless motion to suppress in exchange for a favorable plea agreement in

which Petitioner received a sentence approximately 81 months less than the statutory mandatory minimum of 120 months was not outside the wide range of professionally competent assistance.

With regard to Petitioner's claim in Ground Two that Mr. Litman was ineffective because Petitioner's SSI disability benefits were terminated as a result of Petitioner's conviction, the Plea Agreement specifically stated: "The defendant further acknowledges that as a consequence of his guilty plea in this case he may become permanently ineligible for any or all federal benefits." 21 U.S.C. § 862, which provides for the suspension of federal benefits for a person convicted of certain narcotics offenses, specifically provides that the term "Federal benefit" does not include any Social Security or disability benefit. 21 U.S.C. § 862(d)(1)(B). Therefore, if Petitioner's Social Security benefits were terminated as a result of his guilty plea , this consequence was contingent upon action taken by a governmental agency other than the sentencing court. Such a consequence is considered a collateral consequence of a guilty plea, which the Court is not required to advise a defendant during the change of plea proceedings. *See United States v. Littlejohn*, 224 F.3d 960, 964 (9th Cir.2000). Therefore, if Mr. Litman failed to advise Petitioner of the possibility of termination of Social Security disability benefits because of his conviction, such a failure was made in regards to a collateral consequence of a conviction and cannot be held to be below an objective standard of reasonableness. *See Torrey v. Estelle*, 842

**F.2d 234, 237 (9th Cir. 1988).**

**Petitioner's claim in Ground Three is that his guilty plea resulted from Mr. Litman holding Petitioner "in Madera County Jail for unknown reason to secure a conviction in this case, as this is my belief," thereby precluding Petitioner from understanding the charges against him.**

**Petitioner was arrested on May 23, 2005.  On May 27, 2005, Petitioner was ordered released with conditions.  On December 13, 2005, Pretrial Services filed a violation petition against Petitioner.  On December 21, 2005, Petitioner admitted the violation and again  was ordered released on conditions.  In March, 2006, Pretrial Services filed a violation petition against Petitioner and on March 13, 2006, Petitioner was ordered remanded to custody and the conditions of pretrial release revoked.  Whether Petitioner was remanded to the custody of the Madera County Jail is not stated in the record.  However, the docket establishes that a status conference was held on March 27, 2006 and was continued to April 24, 2006 because Petitioner was not transported from the jail.  By Stipulation and Order filed on April 20, 2006, the status conference was continued to May 15, 2006 because of the illness and death of Mr. Litman's father.  On May 15, 2006, the status conference was continued to June 6, 2006 for change of plea.  On June 6, 2006, the status conference was held with motions to be filed by September 8, 2006, heard on September 18, 2006, and jury trial set for October 10, 2006.  On September 11, 2006, Petitioner pleaded guilty.  This record**

negates any inference that Mr. Litman kept Petitioner incarcerated at the jail, Madera County or otherwise, in order to obtain Petitioner's conviction or that Mr. Litman had any control of his place of incarceration which is the legal responsibility of the U.S. Marshal.  Further, Petitioner makes no claim that he did not answer truthfully while under oath during the Court's Rule 11 colloquy when Petitioner entered his guilty plea pursuant to the Plea Agreement, including that Petitioner had read and understood the Plea Agreement, the elements of the crime to which he was pleading guilty, and the potential sentence that could be imposed.  Finally, Petitioner makes no claim that, but for Mr. Litman's alleged actions, he would not have pleaded guilty and would have insisted upon going to trial.

## CONCLUSION

For the reasons stated:

1.  Petitioner Peter Rodriguez' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 is DENIED;

2.   The Clerk of the Court is directed to ENTER JUDGMENT FOR RESPONDENT and to close this case.

IT IS SO ORDERED.

Dated:   February 19, 2009                           /s/ Oliver W. Wanger
                                                  UNITED STATES DISTRICT JUDGE